UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IRIS C. GOSSETT, wife of/and<br>GRADY D. GOSSETT | CIVIL ACTION |
| VERSUS | NO. 05-1459 |
| WAL-MART STORES, INC. | SECTION "N" (2) |

# ORDER

Before the Court are Defendant's Motion to Alter/Amend Judgment (Rec. Doc. No. 65) and Plaintiff's Motion for New Trial on General Damages (Rec. Doc. No. 67). Both motions are opposed. For the reasons stated herein, both motions are **DENIED**.

## I. BACKGROUND

Plaintiff Iris Gossett brought this action against Defendant Wal-Mart Stores, Inc. ("Wal-Mart") on April 19, 2005, seeking damages for personal injuries sustained as a result of a fall in one of Defendant's stores. Plaintiff's husband, Grady Gossett, brought a claim for loss of consortium. On November 1, 2004, Plaintiff slipped and fell while shopping in a Wal-Mart store in Houma, Louisiana. At the time of the incident, there was an empty pallet jack in the aisle, which Plaintiff alleged was a violation of Wal-Mart's safety procedures. According to Plaintiff, she tripped over the empty pallet jack after being asked to step back by a Wal-Mart employee. Plaintiff alleged that due to the accident, she sustained serious injuries to her back, including nerve damage, as well as severe emotional injuries. Defendant, however, claimed that if Ms. Gossett was injured on Wal-Mart's premises, it was not caused by any negligence on the part of Wal-Mart or its employee but rather by Plaintiff's own negligence in failing to maintain a proper lookout. Defendant further

alleged that Plaintiff's medical condition was degenerative in nature, that it pre-existed the date of the accident, and that it was neither caused, nor exacerbated, by the accident. Finally, Defendant contended that any injury sustained by Plaintiff as a result of the accident was minor in nature and that Plaintiff has completely recovered from such injury.

The Court conducted a two-day jury trial on October 30 and 31, 2006. The jury returned a verdict in favor of Plaintiff on her negligence claim, finding Wal-Mart 80% at fault. The jury awarded Ms. Gossett the following compensatory damages: $36,000 for past and future pain and suffering; $0 for past and future loss of enjoyment of life; $381,300 for past and future loss of income; $28,700 for loss of future earning capacity; $0 for physical disability; and $39,000 for past medical expenses. The jury returned a verdict in favor of Wal-Mart on Mr. Gossett's loss of consortium claim. This Court entered judgment on the jury's verdict on November 7, 2006.

Defendant filed a motion to alter/amend judgment on November 17, 2006. In its motion, Defendant urges the Court to alter or amend the November 7, 2006 judgment so as to reduce the judgment by $28,700.00, that being the jury's award of loss of future earning capacity. Plaintiff filed a motion for new trial on general damages on November 20, 2006. In her motion, Plaintiff urges the Court to grant a new trial on the issue of general damages based on the jury's award of $36,000 for past and future pain and suffering and $0 for past and future loss of enjoyment of life.

## II. LAW AND ANALYSIS

### A. Defendant's Motion to Alter/Amend Judgment

Federal Rule of Civil Procedure 59(e) provides that "any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). District courts may exercise substantial discretion in determining whether to grant or deny a motion

to alter or amend judgment pursuant to Rule 59(e). *See Weber v. Roadway Express, Inc.*, 199 F.3d 270, 276 (5th Cir. 2000); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993); *Turner v. Pleasant*, No. 01-CV-3572, 2004 WL 612960, at *1 (E.D. La. Mar. 25, 2004); *aff'd*, 127 F. App'x 140 (5th Cir. 2005). However, the reconsideration of a prior order is "an extraordinary remedy" which should be used sparingly and should not be used to present new evidence or arguments that could have been offered or raised prior to the entry of judgment. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). *See also Fields v. Pool Offshores, Inc.*, No. 97-CV-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, No. 93-CV-3590, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995). In considering a Rule 59(e) motion, a court must attempt to strike a balance between two significant interests–finality and the need to render a just decision. *Bohlin*, 6 F.3d 355. As noted by this Court in the case of *Flynn v. Terrebonne Parish School Board*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004), "courts in this district hold that a moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. The standards which apply to Rule 59(e) favor denial of a motion to alter or amend a judgment. *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

In its motion, Defendant submits that the judgment contains a manifest error of law.

Defendant avers that the jury instruction on loss of earning capacity[1] was duplicative of the jury instruction on future lost wages[2]. According to Defendant, the jury's award for past and future loss

---

[1] The jury instruction on loss of earning capacity provided as follows:
**LOSS OF EARNING CAPACITY**
Loss of earning capacity is not the same as lost wages. Rather, earning capacity refers to a person's potential. Earning capacity is not necessarily determined by actual loss. While the plaintiff's earnings at the time of the accident may be relevant, such figures are not necessarily indicative of his past or future lost earning capacity. The plaintiff need not be working or even in a certain profession to recover this type of award. What is being compensated is the plaintiff's lost ability to earn a certain amount, and he may recover such damages even though he may never have seen fit to take advantage of that capacity.
In order to recover for impairment of earning capacity, the plaintiff must prove two things. First, plaintiff must demonstrate that before the November 1, 2004 incident, plaintiff had a capacity to earn money. Second, plaintiff must show that plaintiff's capacity, if it existed, was diminished through Wal-Mart Louisiana, LLC's negligence.
Factors to consider in fixing awards for loss of earning capacity include: age, work life expectancy, appropriate discount rate, the annual wage rate increase, prospects for rehabilitation, probable future earning capacity, loss of earning capacity, and the inflation factor or decreasing purchasing power of the applicable currency.

[2] The jury instruction on future lost wages provided as follows:
**FUTURE LOST WAGES**
A claim for future lost wages, as any other claim, need only be shown by a preponderance of the evidence. Further, future lost wages need not be established to a mathematical certainty and may be shown by any proof which reasonably establishes a figure.
It is plaintiff's burden of proving that her disability will cause her a lack of income. A number of factors must be analyzed in determining loss of future income, including the plaintiff's physical condition before and after the injury, plaintiff's past work record and the consistency thereof, the amount plaintiff probably would have earned absent the injury complained of, and the probability that plaintiff would have continued to earn wages over the balance of her working life. The plaintiff must not only show an inability to work, but also must show that the cause of her being away from work was due to the injuries sustained in the accident.

of income necessarily encompassed any potential award for loss of future earning capacity.[3]

The Court finds that Defendant's arguments lack merit. After listening to expert testimony regarding Plaintiff's past and future loss of income and earning capacity, the jury awarded Plaintiff $381,300 for past and future loss of income and $28,700 for loss of future earning capacity. The jury charge regarding future lost wages instructed the jury to determine what Plaintiff "would have earned absent the injury complained of;" thus, Plaintiff was compensated for what the jury found she *would* have earned in the absence of her injury. The jury charge regarding lost earning capacity instructed the jury to determine "plaintiff's lost ability to earn a certain amount;" thus, Plaintiff was compensated for what the jury found she had the capability or capacity to earn, i.e. what she *could* have earned, in the absence of her injury, even though she may have never seen fit to take advantage of that capacity. The Court also notes that the instruction at issue specifically stated that "loss of earning capacity is not the same as lost wages," that it "refers to a person's potential," that it "is not necessarily determined by actual loss," and that "while the plaintiff's earnings at the time of the accident may be relevant, such figures are not necessarily indicative of her future lost earning capacity." Having found that both instructions adequately and properly charged the jury on the correct determination of an award for loss of income and loss of earning capacity, the Court thus finds that there was no manifest error of law and denies Defendant's motion to alter/amend judgment.

---

[3] The Court finds that the cases cited by Defendant in its motion (i.e., *Hobgood v. Aucoin*, 574 So.2d 344 (La.1990) and *Finnie v. Vallee*, 620 So.2d 897 (La.App. 4th Cir.1993)) do not support Defendant's assertion that an award for future lost wages necessarily includes an award for loss of future earning capacity.

### B. Plaintiff's Motion for a New Trial on Damages

Under Federal Rule of Civil Procedure 59(a), a district court may grant a new trial "on all or part of the issues ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in courts of the United States." Fed. R. Civ. P. 59(a). The decision to grant or deny a motion for a new trial is within the trial court's sound discretion and is not subject to review on appeal except for an abuse of that discretion. *See Young v. City of New Orleans*, 751 F.2d 794, 798 (5th Cir. 1985); *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1985); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993); *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982); *Oyefodun v. The City of New Orleans*, No. 98-CV-3283, 2001 WL 775574, at *2 (E.D. La. July 9, 2001); *aff'd*, 54 F. App'x 793 (5th Cir. 2002). Rule 59(a) does not specify grounds upon which a court may grant a new trial. However, the Fifth Circuit has identified the following as grounds for granting a new trial: the verdict is against the weight of the evidence; the damages awarded are excessive or inadequate; the trial was unfair; or prejudicial error was committed during the course of the trial. *See Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).

A motion for new trial on the issue of damages once liability has been definitively established is proper. *See e.g., New Orleans & Northeastern R.R. Co. v. Hewett Oil Co.*, 341 F.2d 406 (5th Cir. 1965). A district court, however, should attempt to avoid substituting its judgment for the jury's considered verdict, so as not to violate the parties' Seventh Amendment rights. *Sorina v. Avis Rent-A-Car System, Inc.*, No. 90-CV-2967, 1992 WL 40840, at *1 (E.D. La. Feb. 20, 1992). If the jury's verdict is "clearly within the universe of possible awards which are supported by the evidence," then a district court may not properly grant a new trial based merely on the inadequacy

of the damage award. *Brun-Jacobo v. Pan American World Airways, Inc.*, 847 F.2d 242, 246 (5th Cir. 1988) (*quoting Bonura v. Sea Land Serv., Inc.*, 505 F.2d 665, 670 (5th Cir. 1974)). The Fifth Circuit has stated that it will not interfere with the factfinder's award of damages unless it is "so inadequate as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption, or other improper cause invaded the trial." *Munn v. Algee*, 924 F.2d 569, 578 (5th Cir. 1991).

Plaintiff claims that the jury's award of $36,000 for past and future pain and suffering and $0 for past and future loss of enjoyment of life is offensively low "[i]n light of the jury's clear findings on causation between injury and medical treatment, as well as limitations causing Plaintiff's inability to earn as before." (Motion for New Trial p. 4). Plaintiff argues that reasonable minds could not conclude that she has suffered no loss of enjoyment of life, nor that $36,000 adequately compensates Plaintiff for past and future mental and physical pain and suffering. In support of her argument, Plaintiff states that she presented unrebutted testimony "that prior to her surgery, she underwent a painful myleogram CT procedure, three painful lumbar nerve block/epidural injections, and a two-level lumbar laminectomy under general anesthesia." (Motion for New Trial p. 4). She further states that Dr. Thomas presented unrebutted testimony "that the results of the surgery were not as hoped, and that Plaintiff had permanent nerve damage, would have permanent pain, and the following permanent restrictions: walking limited to two hours per day, standing limited to two hours per day, maximum occasional lift of 11-20 pounds, maximum frequent lift of less than 10 pounds, never able to kneel, squat, crawl or climb ladders, and only occasionally bend, climb stairs or reach above shoulder level." (Motion for New Trial p. 5). Plaintiff further states that she presented unrebutted testimony that her "pre-injury enjoyment of life came from her work as a nurse

and tending her land," which she can no longer do. (Motion for New Trial pp. 5-6).

Plaintiff asserts that the amounts awarded by the jury for past and future pain and suffering and loss of enjoyment of life were inadequate in light of the evidence and testimony presented at trial. However, the jury has broad discretion in determining and awarding damages in personal injury actions. *Book v. Nordrill, Inc.*, 826 F.2d 1457, 1462 (5th Cir. 1987). Moreover, the jury is entitled to determine the credibility of witnesses. *Oyefodun v. The City of New Orleans*, No. 98-CV-3283, 2001 WL 775574, at *2 (E.D. La. July 9, 2001), *aff'd*, 54 F. App'x 793 (5th Cir. 2002). Furthermore, as stated by the Fifth Circuit in *Young v. City of New Orleans*, 751 F.2d 794 (5th Cir. 1985), "[j]uries are not required to believe every expression of opinion by an expert or any other witness." *Id.* (*citing Hall v. Texas & New Orleans Ry. Co.*, 307 F.2d 874, 880 (5th Cir. 1962).

In the instant case, the evidence presented by Plaintiff as to her pain and suffering was controverted at trial, including by information available in her own medical records. In addition, based on the evidence presented, the jury could have reasonably concluded that any future pain experienced by Plaintiff would be attributable to a pre-existing degenerative disc disease. Considering all of the testimony, the Court finds no basis upon which to hold the award for past and future pain and suffering inadequate. The Court further finds that the record contains a legally sufficient evidentiary basis on which the jury could reasonably conclude that Plaintiff is not entitled to damages for loss of enjoyment of life. Furthermore, there is nothing in the record to suggest that the jury was influenced by passion or prejudice. Additionally, the jury's award was within "the universe of possible awards" supported by the evidence.[4] The jury weighed the evidence in this

---

[4] Plaintiffs cite *Redondo v. Consolidated Freightways Corporation of Delaware*, 529 So.2d 1296 (La.App.4th Cir. 1998) and *Riley v. Winn-Dixie Louisiana, Inc*., 489 So.2d 931 (La.App. 5th Cir. 1986) for the proposition that $100,000 is the minimum amount of general damages a plaintiff who underwent a

case and decided certain credibility issues with regard to damages adversely to the Plaintiff.  The Court, exercising its vast discretion, declines to invade the province of the jury, and thus denies Plaintiff's motion for a new trial on the issue of damages.

### III.  CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that Defendant's motion to alter/amend judgment is hereby **DENIED**.  **IT IS FURTHER ORDERED** that Plaintiff's motion for new trial on general damages is hereby **DENIED**.

New Orleans, Louisiana, this ___26th___ day of February, 2007.

_____
**Kurt D. Engelhardt**
**United States District Judge**

---

laminectomy should receive.  However, in those cases, the courts found that the jury abused its discretion in assessing the damages award.  Only after making this determination did the court turn to other cases to determine the proper amount of damages.  Since the Court does not find that the jury abused its broad discretion in determining and awarding damages in this case, the Court need not turn to other cases regarding the amount of damages.